

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed April 27, 2006                                                    **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| DAVID WAYNE SIRMONS, | § | CASE NO. 05-50999-RLJ-7 |
| Debtor | § | |
| SHELBY GREEN, | § | |
| Plaintiff | § | |
| v. | § | ADVERSARY NO. 05-5043 |
| DAVID WAYNE SIRMONS, | § | |
| Defendant | § | |

### MEMORANDUM OPINION

Trial was held on April 19, 2006, on the complaint of plaintiff Shelby Green seeking a determination that the debt owed to her by her former husband, defendant and debtor David Sirmons, is nondischargeable under section 523(a)(4) of the Bankruptcy Code. Specifically,

Green asserts that Sirmons defrauded her while acting in a fiduciary capacity thereby giving rise to the nondischargeable debt.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Memorandum Opinion contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

The claim made by Green in this case arises out of Green's and Sirmons's divorce, which was finalized in New Mexico state court in May of 2004. In the divorce, Sirmons was awarded as his separate property the couple's marital home in Hope, New Mexico, and a Ford F-350 pickup. Green was granted a reimbursement claim against Sirmons in the approximate amount of $23,000 attributable in part to the use of her separate funds in acquiring both the house and the F-350 pickup. The New Mexico divorce court directed Sirmons to sign a promissory note, due in thirty-six months, payable to Green, which note was to be secured by a mortgage on the house and a lien on the truck. No note or security instruments were prepared. Sirmons did, however, sign a quit claim deed for the house in favor of Green in exchange for a credit against the debt of approximately $12,000, leaving the remaining $11,000 as ostensibly secured by a lien on the F-350 pickup. In July of 2004, approximately two months after the divorce decree was entered in the New Mexico state court, Sirmons purchased a new pickup, a 2004 Ford F-150, and used the F-350 pickup as a trade-in on the purchase. Sirmons managed to do this without the consent of Green, despite the certificate of title to the F-350 still reflecting both Sirmons and Green as owners. Sirmons received a trade-in credit of $6,810 for the F-350 against the total purchase price of $31,510 for the 2004 pickup.

Green contends that Sirmons was in a fiduciary relationship with her as a result of the

New Mexico divorce and that he violated that relationship by trading in the F-350 pickup without her permission and without paying her the remaining $11,000. As a result, she seeks the denial of the dischargeability of his debt to her to the extent of $6,810, the trade-in value that he received on the pickup. As stated, she makes her claim of nondischargeability under section 523(a)(4) of the Bankruptcy Code.

Section 523(a)(4) states: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." 11 U.S.C. § 523(a)(4) (2004). In assessing whether the particular facts of this case give rise to a claim under section 523(a)(4), the Court struggles to fit the facts within the legal theory asserted. A plain reading of section 523(a)(4), as it is asserted here, requires that the Court find the existence of a fiduciary relationship between Green and Sirmons, along with a finding of fraud on Sirmons's part. The Court has not found, and Green has not provided, any authority holding that a fiduciary relationship is imposed from or arises out of facts similar to those in this case. The courts have consistently held that a fiduciary for purposes of dischargeability means the debtor must be a trustee under either an express or technical trust. *See In re Baines*, 337 B.R. 392 (Bankr. D. N.M. 2006); *In re Van De Water*, 180 B.R. 283 (Bankr. D. N.M. 1995); *In re Petty*, 333 B.R. 472 (Bankr. M.D. Fla. 2005); *In re Angelle*, 610 F.2d 1335 (5th Cir.1980). The parties must have either intended to create a trust or it may arise by statute. *In re Eichelberger*, 100 B.R. at 864 (Bankr. S.D. Tex. 1989). The Court cannot, based on the evidence before it, find that a trust relationship existed and thus cannot find that Sirmons was acting in a fiduciary capacity. This alone defeats Green's claim of nondischargeability under section 523(a)(4).

The Court also cannot ascribe fraud to Sirmons's conduct. Sirmons's wrongful act was his use of the F-350 as a trade-in without recognizing Green's purported interest (her lien) in the truck. Fraud generally requires a knowing misrepresentation. In this case, the New Mexico divorce court directed that Green would have a lien against the pickup; it was not an agreement or representation made by Sirmons. As with the fiduciary relationship element, it is impossible to make a fraud finding from the facts in this case.

Green contends that the New Mexico divorce decree granted her a judicial lien against the F-350. No authority has been provided in support of this claim. In addition, this issue is irrelevant given the Court's conclusion that neither a fiduciary relationship nor fraud has been established.

The Court notes, in conclusion, that it does not condone Sirmons's conduct. Indeed, the Bankruptcy Code at section 523(a)(15) appears to directly address the circumstance here.[1] As correctly noted by Sirmons's attorney, Green's claim here was not based on such provision. Simmons knew that his debt to Green was to be secured by the F-350 and he also knew that he was not recognizing her claim when he used the pickup as a trade-in. This was done a mere two months after the divorce decree was entered by the divorce court. A person of character would rectify this situation.

The Court will enter an order in accordance with this Memorandum Opinion.

### End of Memorandum Opinion ###

---

[1] Section 523(a)(15) of the Bankruptcy Code provides that a debtor is not discharged from a debt incurred in connection with a divorce decree.